# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| SUSAN F. FISH,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ACTON, ROBERT PAUL, SUE ORAND, ANNAMAE DERRICK, MARK HARTMAN, CHARLOTTE DOLEZAL, and MIKE FERRITER<br><br>    Defendants. | Cause No. CV 11-00099-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR DEFAULT AND MOTION TO DISMISS |

Pending is Plaintiff Susan Fish's Motion for Default Judgment (*Court Doc. 11*) and Defendants Motion to Dismiss for Insufficient Service. (*Court Doc. 12*).

## I. <u>MOTION TO DISMISS</u>

Defendants move for dismissal, contending that Fish failed to comply with Fed. R. Civ. P. 4(c)(1) by serving a copy of the Complaint upon each Defendant at the time of service of the Summons. Defendants have appeared solely for purpose of bringing the motion to dismiss for insufficiency of service of process, and they do not waive the requirement of proper service of process to obtain personal jurisdiction in the case. (*Court Doc. 12, p. 2*). In her response, Fish requests additional time to perfect service upon the Defendants.

The motion should be denied for the following reasons. First, Defendants did not comply with Local Rule 7.1(c), which requires that the text of a motion "must state that other parties have been contacted and state whether any party objects to the motion."

Second, there is good cause to extend the time for service. Defendants admit that they were provided with a summons for the case and a copy of the October 24, 2011 Order which summarizes the allegations of the Complaint. They seek dismissal because they were not served with an actual copy of the Complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides,

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs may show good cause where they attempted to serve a defendant but have not yet completed it, were confused about the requirements for service of process, or were prevented from serving a defendant because of events outside of their control. *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

Fish is a pro se prisoner litigant who attempted service upon the Defendants by paying the Yellowstone County Sheriff's Office nearly $400.00 to serve her documents. The simple problem is that she failed

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO
DENY MOTION FOR DEFAULT AND MOTION TO DISMISS–
CV 11-00099-BLG-RFC-CSO / PAGE 3

to include a copy of the Complaint with the documents served upon Defendants.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Fish, as a pro se prisoner litigant, has exercised due diligence in attempting to properly serve Defendants. Therefore, good cause exists for extending the time to serve, and the motion to dismiss should be denied.

Fish represents in her response that she is attempting to remedy the defect by providing a copy of the Complaint along with an Acknowledgment of Service upon Defendants' counsel. It is unclear whether this process has been successful because no acknowledgment or waiver of service has been filed with the Court. Given Fish's incarceration, the fact she has already paid nearly $400.00 in service costs, and that the allegations of the Complaint were summarized in the October 24, 2011 Order served upon Defendants, it would seem appropriate that Fish attempt service by sending her request for waiver

of summons pursuant to Rule 4(d) to counsel for Defendants. The Clerk of Court will be directed to provide Fish with a copy of Rule 4 and Forms 5 and 6 from the Appendix of Forms to the Federal Rules of Civil Procedure. Should Defendants fail to waive service, the Court will consider a motion for costs to be awarded to Fish, as directed in Rule 4(d)(2).

## II. **MOTION FOR DEFAULT JUDGMENT**

Fish's Motion for Default Judgment must be denied because, as she concedes, proper service has not been made.

Accordingly, the Court issues the following:

### ORDER

1. The Clerk of Court is directed to provide Fish with a copy of Rule 4 and Forms 5 and 6 from the Appendix of Forms to the Federal Rules of Civil Procedure.

2. Fish is given until May 18, 2012, to file proof of service upon Defendants or otherwise show cause why service has not been accomplished.

Further, the Court issues the following:

# RECOMMENDATIONS

1. Fish's Motion for Default (*Court Doc. 11*) should be denied.

2. Defendants' Motion to Dismiss (*Court Doc. 12*) should be denied.

3. At all times during the pendency of this action, Fish SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Fish has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

**Notice of Right to Object to Findings & Recommendations and Consequences of Failure to Object**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If a party files objections, they must itemize each factual finding to which objection is made and must identify the evidence in the record they rely on to contradict that finding. In addition, they must itemize each recommendation to which objection is made and must set forth the authority they rely on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of March, 2012.

/s/ *Carolyn S. Ostby*<br>United States Magistrate Judge